**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| DENNIS R. WEIR, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
|   vs. ) | Case No. 15-0223-SMY-DGW |
| ) | |
| JONAH J. WHITE, an individual, ) | |
| MATTHEW G. JULIAN, an individual, and ) | |
| BILLY BOB TEETH, INC., a domestic ) | |
| corporation, ) | |
| ) | |
|       Defendants. ) | |

**FIRST AMENDED COMPLAINT AT LAW AND JURY TRIAL DEMAND**

Comes now Plaintiff, DENNIS R. WEIR, by his attorney, Ralph D. Davis, of RALPH

DAVIS LAW, and for causes of action against Defendants, JONAH J. WHITE, an individual,

MATTHEW G. JULIAN, an indivdual, and BILLY BOB TEETH, INC. and states and alleges as

follows:

## I. **THE PARTIES**

1.    Plaintiff DENNIS R. WEIR is a United States citizen, a citizen of the state of Florida,

    residing at Cape Coral, Florida.

2.    Defendant JONAH J. WHITE, an individual, is a United States citizen, a citizen of the

    state of Illinois, residing at Michael, Illinois.

3.    Defendant MATTHEW G. JULIAN, an individual, is a United States citizen, a citizen of

    the state of Illinois, residing at Godfrey, Illinois.

4.    Defendant BILLY BOB TEETH, INC. is a domestic corporation, with its principal place

of business in Hardin, Illinois.  Defendant JONAH J. WHITE is also president of Defendant BILLY BOB TEETH, INC.

## II.  JURISDICTION/VENUE

5.      The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and diversity exists pursuant to 28 U.S.C. § 1332.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 in that the events and/or omissions giving rise to this claim all occurred in the Southern District of Illinois.

7.      Filing in the East St. Louis Division is proper because the occurrences that are the subject matter of this complaint were in Calhoun County and the residences of Defendants White and Julian are in Calhoun County and Madison County, Illinois, respectively and the principal place of business of Billy Bob Teeth is in Calhoun County.

## III.  FACTUAL BACKGROUND

8.      The two incidents herein complained of occurred on the county road outside of Defendant White's residence in Michael, Illinois and in the parking lot of Defendant White's hunting lodge in Michael, Illinois on December 2, 2014 between approximately 1:00 p.m. and 2:00 p.m..

9.      Plaintiff Weir had driven to Calhoun County on the hope that he could show Defendant White an invention that could be considered on White's television show "Billy Bob's Gags to Riches"

10.     On the advice and direction of persons at the Hardin Motel in Hardin, Illinois, Plaintiff Weir drove to a location on Michael Hamburg Road and parked on the county road to wait for Defendant White to exit the residence there so that Plaintiff Weir could show

Defendant White the aforementioned invention.

11.   At the aforementioned time, Defendant Matthew G. Julian, an employee of Defendant Billy Bob Teeth, Inc, drove his truck to the aforementioned location on Michael Hamburg Road under instruction of Defendant White to watch over his property in general and to attend to getting rid of Plaintiff Weir, specifically.

12.   At the aforementioned time on Michael Hamburg Road, Defendant got out of his truck and drew a long-barreled, nickel-plated pistol and pointed the weapon at Plaintiff Weir, instructing Plaintiff Weir to leave immediately.

13.   Fearing for his safety, Plaintiff Weir left the aforementioned location on Michael Hamburg Road immediately.

14.   Plaintiff Weir then drove to White Tales Lodge in Michael, Illinois.

15.   Defendant Julian then followed Weir to the White Tales Lodge, where Defendant Julian again drew a weapon on Plaintiff Weir, instructing Weir to leave the entire county immediately.

16.   Again fearing for his safety, Plaintiff Weir left the White Tales Lodge location immediately.

17.   Plaintiff Weir then went to the parking lot of Straight Home Bar and Grill on Route 100 where he encountered Calhoun County Sheriff William Heffington.

18.   After talking with Plaintiff Weir and Defendant White and after getting written statements from Plaintiff Weir and Defendant Julian, Sheriff Heffington charged Defendant Julian with aggravated assault on or about December 6, 2014.

19.   At all times relevant to this cause of action, Defendant Julian was an employee of

3

Defendant Billy Bob Teeth, Inc., acting in furtherance of either the corporation's goals and purposes or Defendant White's goals and purposes.

20.    At all times relevant to this cause of action, Defendant White knew or should have known that Defendant Julian had been twice convicted of DUIs and who had served a year in jail.

21.    At all times relevant to this cause of action, Defendant Julian had had a revoked Illinois Permanent Employee Registration Card (PERC), a card required of persons in Illinois performing security functions.

22.    At all times relevant to this cause of action, Defendant White and Defendant Billy Bob Teeth, Inc. knew or should have known that Defendant Julian did not have a PERC card.

23.    At all times relevant to this cause of action, Defendant White or Defendant Billy Bob Teeth, Inc. acting through Jonah J. White knew or should have known that Defendant Julian had weapons in his truck at the time of the aforementioned incidents because Defendant White and Defendant Julian were intending to do target practice together.

## IV.  CLAIMS

### COUNT ONE

### WEIR V. JULIAN

### ASSAULT WITH A DEADLY WEAPON – FIRST INCIDENT

Plaintiff DENNIS R. WEIR complaining of Defendant MATTHEW G. JULIAN., states as follows:

24.    Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this complaint as paragraph 24 of Count One.

4

25.     At the aforementioned time and place of the first incident of assault, Defendant Julian

there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him,

causing great fear and apprehension.

26.     As a result of the aforesaid first assault with a deadly weapon, Plaintiff there and then

suffered serious mental anguish, was treated psychiatrically and will be psychiatrically

treated into the future, incurred medical and psychiatric bills, and is indefinitely mentally

injured.

WHEREFORE, Plaintiff prays judgment against Defendant MATTHEW G. JULIAN in

an amount in excess of the jurisdictional requirements of this court.

## COUNT TWO

## WEIR V. JULIAN

## ASSAULT WITH A DEADLY WEAPON – SECOND INCIDENT

Plaintiff DENNIS R. WEIR complaining of Defendant MATTHEW G. JULIAN., states

as follows:

27.     Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this

complaint as paragraph 27 of Count Two.

28.     At the aforementioned time and place of the second incident of assault, Defendant Julian

there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him,

causing great fear and apprehension.

29.     As a result of the aforesaid second assault with a deadly weapon, Plaintiff there and then

suffered serious mental anguish, was treated psychiatrically and will be psychiatrically

treated into the future, incurred medical and psychiatric bills, and is indefinitely mentally

injured.

WHEREFORE, Plaintiff prays judgment against Defendant MATTHEW G. JULIAN in an amount in excess of the jurisdictional requirements of this court.

## COUNT THREE

## WEIR V. BILLY BOB TEETH, INC.

## RESPONDEAT SUPERIOR - FIRST INCIDENT OF ASSAULT

Plaintiff DENNIS R. WEIR complaining of Defendant BILLY BOB TEETH, INC., states as follows:

30.  Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this complaint as paragraph 30 of Count Three.

31.  At all times relevant to this cause of action, Defendant MATTHEW G. JULIAN was the paid employee/agent of Defendant BILLY BOB TEETH, INC..

32.  At all times relevant to this cause of action, the conduct of Defendant MATTHEW G. JULIAN was at the request, advice, direction and knowledge of Defendant BILLY BOB TEETH, INC., acting through its president Jonah J. White.

33.  At the aforementioned time and place of the first incident of assault, employee/agent Defendant Julian there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him, causing great fear and apprehension.

34.  Defendant BILLY BOB TEETH, INC. ratified the aforementioned conduct of employee/agent Defendant Julian by accepting the benefits of Defendant Julian's conduct that forced Plaintiff Weir from where he was parked on a public county road.

35.  As a result of the aforesaid first assault with a deadly weapon by Defendant White's agent

employee, Plaintiff there and then suffered serious mental anguish, was treated psychiatrically and will be psychiatrically treated into the future, incurred medical and psychiatric bills,  and is indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant BILLY BOB TEETH in an amount in excess of the jurisdictional requirements of this court.

**COUNT FOUR**

**WEIR V. BILLY BOB TEETH, INC.**

**RESPONDEAT SUPERIOR - SECOND INCIDENT OF ASSAULT**

Plaintiff DENNIS R. WEIR complaining of Defendant BILLY BOB TEETH, INC., states as follows:

36.   Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this complaint as paragraph 36 of Count Four.

37.   At all times relevant to this cause of action, Defendant MATTHEW G. JULIAN was the paid employee/agent of Defendant BILLY BOB TEETH, INC..

38.   At all times relevant to this cause of action, the conduct of Defendant MATTHEW G. JULIAN was at the request, advice, direction and knowledge of Defendant BILLY BOB TEETH, INC.

39.   At the aforementioned time and place of the second incident of assault, employee/agent Defendant Julian there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him, causing great fear and apprehension.

40.   Defendant BILLY BOB TEETH, INC. ratified the aforementioned conduct of employee/agent Defendant Julian by accepting the benefits of Defendant Julian's conduct

that forced Plaintiff Weir from where he was parked in White Tales Lodge parking lot.

41.    As a result of the aforesaid second assault with a deadly weapon by Defendant BILLY

BOB TEETH, INC.'s agent/employee, Plaintiff there and then suffered serious mental

anguish, was treated psychiatrically and will be psychiatrically treated into the future,

incurred medical and psychiatric bills, and is indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant BILLY BOB TEETH, INC.

in an amount in excess of the jurisdictional requirements of this court.

**COUNT FIVE**

**WEIR V. BILLY BOB TEETH, INC.**

**NEGLIGENT HIRING**

Plaintiff DENNIS R. WEIR complaining of Defendant BILLY BOB TEETH, INC., states

as follows:

42.    Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this

complaint as paragraph 42 of Count Five.

43.    Under Illinois common law, Defendant had a duty to act reasonably under the

circumstances in the hiring of MATTHEW G. JULIAN.

44.    When Defendant BILLY BOB TEETH, INC. placed Defendant MATTHEW G. JULIAN

in a position as agent/employee to perform a security function to protect the property of

Jonah J White, Defendant BILLY BOB TEETH, INC. knew or should have known that

MATTHEW G. JULIAN was unfit to perform security functions.

45.    When Defendant BILLY BOB TEETH, INC. placed Defendant MATTHEW G. JULIAN

in a position of agent/employee to a perform security function to protect the property of

Jonah J. White, Defendant White knew or should have known that MATTHEW G,

JULIAN had had his PERC card revoked.

46.     As a result of the breach of a common law duty by Defendant BILLY BOB TEETH, INC,

Plaintiff suffered serious mental anguish, was treated psychiatrically and will be

psychiatrically treated into the future, incurred medical and psychiatric bills, and is

indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant BILLY BOB TEETH, INC.

in an amount in excess of the jurisdictional requirements of this court.

## COUNT SIX

## WEIR V. BILLY BOB TEETH, INC.

## NEGLIGENT RETENTION

Plaintiff DENNIS R. WEIR complaining of Defendant BILLY BOB TEETH, INC. states

as follows:

47.     Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this

complaint as paragraph 47 of Count six.

48.     Under Illinois common law, Defendant had a duty to act reasonably under the

circumstances in the retention of MATTHEW G. JULIAN as an agent/employee.

49.     When Defendant BILLY BOB TEETH, INC. kept Defendant MATTHEW G. JULIAN

under its employment in a position as agent/employee to perform security functions,

Defendant BILLY BOB TEETH, INC.  knew or should have known that MATTHEW G.

JULIAN was unfit to perform security functions.

50.     When Defendant BILLY BOB TEETH, INC. kept Defendant MATTHEW G. JULIAN

9

under its employment in a position of agent/employee to perform security functions,

Defendant BILLY BOB TEETH, INC. knew or should have known that MATTHEW G.

JULIAN had had his PERC card revoked.

51. As a result of the breach of a common law duty and breach of the statutory duty by

Defendant BILLY BOB TEETH, INC., Plaintiff suffered serious mental anguish, was

treated psychiatrically and will be psychiatrically treated into the future, incurred medical

and psychiatric bills, and is indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant BILLY BOB TEETH, INC.

in an amount in excess of the jurisdictional requirements of this court.

## COUNT SEVEN

## WEIR V. WHITE

## RESPONDEAT SUPERIOR - FIRST INCIDENT OF ASSAULT

Plaintiff DENNIS R. WEIR complaining of Defendant JONAH J. WHITE, states as

follows:

52. Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this

complaint as paragraph 52 of Count Seven.

53. At all times relevant to this cause of action, Defendant MATTHEW G. JULIAN was an

agent of Defendant JONAH J. WHITE, acting in furtherance of White's goals and

purposes.

54. At all times relevant to this cause of action, the conduct of Defendant MATTHEW G.

JULIAN was at the request, advice, direction and knowledge of Defendant JONAH J.

WHITE.

10

55.     At the aforementioned time and place of the first incident of assault, agent Defendant Julian there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him, causing great fear and apprehension.

56.     Defendant JONAH J. WHITE ratified the aforementioned conduct of agent Defendant Julian by accepting the benefits of Defendant Julian's conduct that forced Plaintiff Weir from where he was parked on a public county road.

57.     As a result of the aforesaid first assault with a deadly weapon by Defendant White's agent, Plaintiff there and then suffered serious mental anguish, was treated psychiatrically and will be psychiatrically treated into the future, incurred medical and psychiatric bills, and is indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant JONAH J. WHITE in an amount in excess of the jurisdictional requirements of this court.

## COUNT EIGHT

## WEIR V. WHITE

## RESPONDEAT SUPERIOR - SECOND INCIDENT OF ASSAULT

Plaintiff DENNIS R. WEIR complaining of Defendant JONAH J. WHITE, states as follows:

58.     Plaintiff restates and re-alleges paragraphs one through twenty three (1-23) of this complaint as paragraph 58 of Count Eight.

59.     At all times relevant to this cause of action, Defendant MATTHEW G. JULIAN was the agent of Defendant JONAH J. WHITE, acting in furtherance of White's goals and purposes.

11

60.     At all times relevant to this cause of action, the conduct of Defendant MATTHEW G. JULIAN was at the request, advice, direction and knowledge of Defendant JONAH J. WHITE.

61.     At the aforementioned time and place of the second incident of assault, agent Defendant Julian there and then threatened Plaintiff Weir and intentionally pointed a deadly weapon at him, causing great fear and apprehension.

62.     Defendant JONAH J. WHITE ratified the aforementioned conduct of agent Defendant Julian by accepting the benefits of Defendant Julian's conduct that forced Plaintiff Weir from where he was parked in White Tales Lodge parking lot.

63.     As a result of the aforesaid second assault with a deadly weapon by Defendant White's agent, Plaintiff there and then suffered serious mental anguish, was treated psychiatrically and will be psychiatrically treated into the future, incurred medical and psychiatric bills, and is indefinitely mentally injured.

WHEREFORE, Plaintiff prays judgment against Defendant JONAH J. WHITE in an amount in excess of the jurisdictional requirements of this court.


## V. DAMAGES

64.     Plaintiff DENNIS R. WEIR seeks compensatory damages for all counts in this complaint.

65.     For Counts One through Four and Counts Seven through Eight, Plaintiff DENNIS R. WEIR seeks punitive damages for the intentional conduct complained of.

12

## VI.  DESIGNATION OF LEAD COUNSEL

66.     Pursuant to Local Rule 5.1(a), attorney Ralph D. Davis who has executed this complaint

is designated "Lead Counsel".

**Plaintiff Demands a Trial by Jury.**

DENNIS R. WEIR, Plaintiff,

By: <u>S/ Ralph D. Davis</u>
Ralph D. Davis
Illinois Atty. #6196388
(Lead Counsel Designate)
RALPH DAVIS LAW
416 Main St.
Suite 529
Peoria, IL 61602
309-676-7707 (phone)
309-676-7706 (fax)
ralph@ralphdavislaw.com
filings@ralphdavislaw.com

13

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2015, I caused to be electronically filed the foregoing First Amended Complaint At Law and Jury Trial Demand with the Clerk of Court using the CM/ECF system that will send notification of such filing(s) to the following:

Wayne D Skigen
LUCCO, BROWN, THREKKELD
& DAWSON, LLP
224 St. Louis Street
P. O. Box 539
Edwardsville, IL 62025
wskigen@lbtdlaw.com

Samuel A Mormino, Jr.
MORMINO, VELLOFF & SNIDER, PC
3517 College Avenue
Alton, IL 62002
Email: sam@mveslawyers.com
        usdc@mveslawyers.com

S/ Ralph D. Davis
Ralph D. Davis
Bar No. 6196388
RALPH DAVIS LAW
416 Main St.
Suite 529
Peoria, IL 61602
309-676-7707 (phone)
309-676-7706 (fax)
Email: ralph@ralphdavislaw.com
        filings@ralphdavislaw.com

14