IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS R. WEIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-223-SMY-DGW |
| ) | |
| JONAH J. WHITE, MATTHEW G. JULIAN, ) | |
| and BILLY BOB TEETH, INC., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Staci M. Yandle pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Good Faith Finding filed by Defendant Matthew G. Julian (Doc. 49) and the Motion to Dismiss Indemnity Counts of Crossclaims Without Prejudice by Defendants Jonah J. White and Billy Bob Teeth, Inc. (Doc. 54). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

#### FINDINGS OF FACT

On May 16, 2016, Defendant Matthew Julian filed a Motion for Good Faith Finding (Doc. 49) asking that the Court find that Defendant Julian's Settlement Agreement with Plaintiff is fair and reasonable and entered into in good faith pursuant to 740 ILCS 100/2(c)(d) and dismiss, with prejudice, this Defendant from the Amended Complaint and dismiss, with prejudice, any counterclaims or cross-claims for contribution filed against this Defendant by any other

defendants in this case. The Court held a status conference on June 1, 2016 in which Plaintiff appeared on his behalf and counsel appeared on behalf of Defendants Julian, White, and Billy Bob Teeth, Inc. ("Billy Bob"). At the hearing, the Court inquired with Plaintiff as to the circumstances of entering into the Settlement Agreement and is satisfied with Plaintiff's understanding of the agreement and its authenticity.

With respect to Defendants White and Billy Bob, counsel indicated that they do not object to the dismissal of their crossclaims for contribution against Defendant Julian with prejudice (*see* Doc. 50). However, Defendants White and Billy Bob ask that their crossclaims for equitable indemnity against Defendant Julian be dismissed *without* prejudice. At the hearing on June 1, 2016, counsel for Defendant Julian indicated he has no objection to said dismissal.

## CONCLUSIONS OF LAW

Based on the statements made at the hearing, the Court finds that the Settlement Agreement entered into between Plaintiff and Defendant Julian is fair and reasonable and entered into in good faith pursuant to 740 ILCS 100/2(c)(d). Accordingly, the Court hereby recommends that Plaintiff's claims against Defendant Julian be dismissed with prejudice. Also, pursuant to this Settlement Agreement, and noting no objection, the Court hereby recommends that Defendant White and Billy Bob's crossclaims for contribution against Defendant Julian be dismissed with prejudice. Finally, noting there is no objection to Defendant White and Billy Bob's Motion to Dismiss Indemnity Counts of Crossclaims Without Prejudice (Doc. 54), the Court recommends that said motion be granted and the equitable indemnity crossclaims brought by these Defendants against Defendant Julian be dismissed without prejudice.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Good Faith Finding filed by Defendant Matthew G. Julian (Doc. 49) be **GRANTED**; that the Motion to Dismiss Indemnity Counts of Crossclaims Without Prejudice by Defendants Jonah J. White and Billy Bob Teeth, Inc. (Doc. 54) be **GRANTED**; that Plaintiff's claims against Defendant Julian be **DISMISSED WITH PREJUDICE**; that Defendant White and Billy Bob's crossclaims for contribution against Defendant Julian be **DISMISSED WITH PREJUDICE**; that Defendant White and Billy Bob's crossclaims for equitable indemnity against Defendant Julian be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 10, 2016**

/s/ Donald Wilkerson

**DONALD G. WILKERSON**
**United States Magistrate Judge**