IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS R. WEIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:15-cv-223-SMY-DGW |
| JONAH J. WHITE and BILLY BOB TEETH, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the issue of whether documents in the possession of Attorney Ralph D. Davis, Plaintiff's former counsel in this matter, must be produced despite the protection of attorney-client privilege. The Court held a status conference in this matter on June 1, 2016 wherein counsel for Defendants Billy Bob Teeth, Inc. and Jonah J. White sought production of the aforementioned documents, which the Court construes as an oral motion for production. In support of his oral motion, Attorney Wayne D. Skigen, counsel for Defendants Billy Bob Teeth, Inc. and Jonah J. White, submitted a letter to the Court dated June 3, 2016 (in which Plaintiff was copied). In the letter, Attorney Skigen again asks the Court to order production of certain documents in the possession of Ralph D. Davis, Plaintiff's former attorney in this matter (*see* Attachment 1).

Attorney Skigen's request is brought pursuant to a settlement agreement that was purportedly entered into between Plaintiff, through his former counsel, and Defendants Billy Bob Teeth and White. On April 21, 2016, the Court denied, without prejudice, Defendants' motion to enforce the settlement agreement as Plaintiff asserted that he did not agree to its terms and

conditions (*see* Doc. 44). Plaintiff's counsel, Mr. Davis, was also allowed to withdraw from this matter (*Id.*). Attorney Skigen asserts that the requested documents in Mr. Davis' possession should be produced as Plaintiff has denied that Mr. Davis had the authority to accept the settlement and has contended that Mr. Davis was acting beyond his authority when he communicated acceptance of the settlement to defense counsel.

The Court has reviewed the documents and **DENIES** Defendants' motion for production. It is well settled that the decision to enforce a settlement agreement is entirely within a district court's discretion. *Collins v. Educ. Therapy Ctr.*, 184 F.3d 617, 620 (7th Cir. 1999). Importantly, settlement agreements are enforced just like any other contract and efforts to enforce such may be brought by way of separate litigation. *See Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487 (7th Cir. 2002). Here, the purported settlement agreement entered into between Plaintiff and Defendants Billy Bob Teeth and White, and the issue regarding enforcement of such, is merely tangential to the claims being litigated in this Court. As the Court was not a party to the settlement discussions, it declines to entertain enforcement of any purported settlement agreement. With regard to the documents submitted to the Court by Mr. Davis for an *in camera* review, the Court finds that Defendants are asking the Court to order production of documents unrelated to the pending claims. As the Court declines to enforce a settlement agreement to which it was not a party, the Court similarly declines to order discovery related to this purported agreement that is merely tangential to the claims before the Court. The Court notes that Defendants are not without relief in this instance as they may bring a separate suit in an appropriate venue to enforce a settlement agreement if they believe one was in fact entered into.

**IT IS SO ORDERED.**

**DATED: August 11, 2016**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**